IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00797-PAB-KMT

LEON J. THOMAS

      Plaintiff,

v.

BANK OF AMERICA CORPORATION and
THE BANK OF NEW YORK MELLON CORPORATION

      Defendants.

## ORDER

This matter is before the Court on the Motion for Remand [Docket No. 11] filed by plaintiff Leon J. Thomas.  Although plaintiff's motion for remand is not fully briefed, the Court exercises its discretion to rule on the motion.  *See* D.C.COLO.LCivR 7.1C. ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## I. BACKGROUND

On March 5, 2012, plaintiff commenced this action [Docket No. 3] against defendants Bank of America Corporation ("BOA") and the Bank of New York Mellon Corporation ("BNYM") in the District Court for Elbert County, Colorado.  In the complaint, plaintiff brought claims against defendants regarding the mortgage loan on his residence for breach of contract, breach of the implied covenant of good faith and fair dealing, outrageous conduct, recklessness, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and unconscionable debt collection

in violation of Colo. Rev. Stat. § 5-5-109. Docket No. 3 at 4-7. Plaintiff also sought to enjoin defendants from foreclosing on his real property. *Id*.

On March 28, 2012, defendants removed the case to this Court [Docket No. 1], citing federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332 as grounds for removal. Docket No. 1 at 2-3. Defendants contend that the Court has federal question jurisdiction because plaintiff asserts a claim for violations of the FDCPA. *Id*. Additionally, defendants state that the parties are diverse, as plaintiff is a resident of Colorado, while BOA is a citizen of North Carolina and BNYM is a New York company with its principal place of business in New York. *Id*. at 3, ¶¶ 8-10. Furthermore, defendants claim that the amount in controversy is over $75,000 because, among other things, plaintiff seeks to enjoin the sale of real property valued at $225,000. *Id.* at 3-4, ¶ 11.

In his motion, plaintiff requests that the Court remand this case to the District Court for Elbert County, Colorado. Plaintiff alleges that defendants have commenced foreclosure proceedings and a hearing pursuant to Rule 120 of the Colorado Rules of Civil Procedure is scheduled for May 2, 2012. Docket No. 11 at 5, ¶ 10. Plaintiff claims that he was not in default of his loan and filed this motion to enjoin the foreclosure proceedings. *Id*. 5-6, ¶ 12. Plaintiff argues that, because state court proceedings are ongoing, the holding in *Younger v. Harris*, 401 U.S. 37 (1971),[1] dictates that this Court

---

[1]*Younger* and its progeny espouse the policy that a federal court should not interfere with a pending state judicial proceeding in which important state interests are at stake. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982). Typically, *Younger* abstention is used when a litigant brings an action in federal court based upon federal law seeking to enjoin an ongoing state action. *See id.* In relying upon *Younger*, plaintiff focuses on the fact that the removal in this action

abstain from exercising jurisdiction over this case. *Id*. at 4, ¶ 6. Plaintiff requests that, instead of dismissing the case, the Court remand the matter to state court because time is of the essence given the impending Rule 120 hearing.

## II. ANALYSIS

Procedures for remand are governed by 28 U.S.C. § 1447, which states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Therefore, remand is authorized pursuant to section 1447(c) only when there is a defect in the removal procedure or if the district court lacks subject matter jurisdiction. *See Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("[t]he two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure.").

Generally speaking, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Additionally, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

---

interfered with the state court's jurisdiction over it, and, therefore this Court should remand the action to end that interference. Plaintiff, however, does not claim that the federal court case interferes with the currently pending state action. Rather, plaintiff argues that there is a potential for interference between this action and the Rule 120 proceeding should he seek an injunction.

of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a). The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Because plaintiff's fifth claim for relief asserts violations of the FDCPA, it indisputably arises under the laws of the United States, making this action removable under 28 U.S.C. § 1441(b). *See Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998) (presence of one claim "arising under" federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal). Moreover, the notice of removal satisfies the elements for diversity jurisdiction as it alleges that the parties are diverse and the real property at issue is valued at over $75,000. Docket No. 1 at 2-3. Accordingly, because the Court is satisfied that it has subject-matter jurisdiction over this case, remand pursuant to 28 U.S.C. § 1447(c) is improper. *See England v. La. Bd. of Medical Examiners*, 375 U.S. 411, 464-65 (1964) ("'When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction'"); *Buchner v. F.D.I.C.,* 981 F.2d 816, 817 (5th Cir. 1993) ("a court has no discretionary authority to remand a case over which it has subject matter jurisdiction."). Given that a discussion of *Younger* abstention is not necessary for the resolution of this motion, the Court does not resolve that issue.[2]

---

[2]Even assuming that *Younger* abstention applies, the Court could not remand the case. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court held that federal courts have the power to dismiss or remand cases based on abstention principles only where the relief sought is equitable or otherwise discretionary.

4

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Remand Based Upon Younger Abstention [Docket No. 11] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Forthwith Motion for Accelerated or Abbreviated Briefing Schedule on Plaintiff's Motion for Remand Based Upon Younger Abstention, for Accelerated Ruling On Younger Abstention Motion and to Hold Briefing in Abeyance on Defendants' Motion to Dismiss [Docket No. 12] is **DENIED** as moot.  It is further

**ORDERED** that Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 15] is **DENIED**.  It is further

**ORDERED** that, on or before April 30, 2012, plaintiff shall file a response to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 8].

---

*Id.* at 731; *accord Espinoza v. Maurer*, No. 09-cv-01653-MSK-MJW, 2010 WL 865946, at *3 (D. Colo. March 5, 2010) (court cannot remand or dismiss based on abstention when relief sought is damages).  As the Ninth Circuit states, *Quackenbush* "observes that abstention principles have been applied to actions at law only to permit federal courts to stay adjudication, not to dismiss the federal suit altogether." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004).  Here, however, plaintiff's complaint lists primarily legal and statutory damages in the form of breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the FDCPA, and unconscionable debt collection in violation of Colo. Rev. Stat. § 5-5-109.  Docket No. 3 at 8.  Because this case is primarily a damages action, the Court does not have the authority to decline to exercise jurisdiction.

DATED April 25, 2012.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge